MILLER KORZENIK RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

May 5, 2026

Hon. Margaret M. Garnett
United States District Court
Southern District of New York
40 Foley Square, Room 2102
New York, NY 10007

*via ECF*

  Re: *Amin v. Spiegel & Grau LLC,* 1:25-cv-10582-MMG

Dear Judge Garnett,

  Defendant Spiegel & Grau writes in response to Plaintiff's letter, Dkt. No. 39, regarding the choice of law issue discussed at the April 28 conference. The case Plaintiff cites, *Kesner v. Dow Jones & Co., Inc.*, is further support for Defendant's position that New York law should apply.

  *First,* even though the *Kesner* plaintiff lived in Florida, had "a large number of clients and companies based in Florida" and had argued that the alleged defamation "affected his 'practice in Florida' and his 'professional reputation, integrity and standing in the Florida community,'" the court rejected the presumption that Plaintiff here also advances that the law of the state of plaintiff's domicile should apply. 515 F. Supp. 3d 149, 168 (S.D.N.Y. 2021). Instead, the court looked to which state had the more "significant relationship" and applied New York law. *Id.*

  *Second,* while the court considered the plaintiff's professional ties to New York, the fact that he was a licensed New York attorney was not the deciding factor. Rather, the court emphasized the *defendants'* strong ties to New York and their limited connection to Florida, stating: "Where authors accused of defamation are located in New York and the publishing entity is headquartered in New York, New York has a strong interest in the case." *Id.* at 169. Notably, Plaintiff's professional licensing is not at issue in this case. As Plaintiff's counsel stated at the conference, Dr. Amin remains a Georgia physician and his medical license is not at risk.

  *Finally,* the *Kesner* court found that the plaintiff's argument that events giving rise to the alleged defamation took place in his home state did not "assist his bid" because—as here—the plaintiff had not alleged "that any defendant took any action whatsoever in [the plaintiff's home state] in connection with the alleged defamation" or that defendants had greater readership there than in any other state, including New York. *Id.*

  While Judge Broderick's decision in *Kinsey v. New York Times Co.*, 2020 WL 1435141 (S.D.N.Y. Mar. 23, 2020) and the Second Circuit's affirmation, 991 F.3d 171 (2021), are the more directly relevant authority in this case, *Kesner* also supports the conclusion that New York law applies. Spiegel & Grau is based in New York, and New York is where it made its editorial decisions regarding the challenged book, relying on New York's legal standards. In addition, contrary to Plaintiff's counsel's position at the conference, the fact that he chose to bring the

case in New York *does* weigh in favor of applying New York law. In a multistate libel case, "the state where defendants' significant acts and omissions gave rise to their liability is the most appropriate source of legal norms, *particularly when it is also the forum state.*" *Kinsey*, 2020 WL 1435141, at *5 (citing *Davis v. Costa-Gavras*, 580 F. Supp. 1082, 1093 (S.D.N.Y. 1984) (emphasis added).

        Respectfully submitted,

        Miller Korzenik Rayman LLP

        Mona Houck
        David S. Korzenik

        *Counsel for Defendant*