USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/14/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DR. MAHENDRA AMIN,

Plaintiff,

-against-

SPIEGEL & GRAU LLC,

Defendant.

25-CV-10582 (MMG)

**OPINION & ORDER**

MARGARET M. GARNETT, United States District Judge:

Plaintiff is Dr. Mahendra Amin, a gynecologist who performed medical services on some patients detained at an immigrant detention center. Defendant is Spiegel & Grau LLC, a publisher. Plaintiff alleges that Defendant published a book containing false and defamatory statements about him and about his work as a doctor at the detention center. *See, e.g.*, Dkt. No. 1 ("Compl.") ¶ 87. Defendant answered the complaint by moving to dismiss. Dkt. No. 29. In the accompanying memorandum, Defendant argues New York's "fair report" privilege applies and that, even if another state's defamation law applied, Plaintiff failed to plead actual malice. *See* Dkt. No. 30 ("Mem."). In his opposition, Plaintiff argues that Georgia defamation law applies and his allegations show that Defendant knew the statements were false at the time of publication. Dkt. No. 35. The Court held a conference on April 28, 2026, and heard oral argument from the parties. On consideration of the parties' arguments and their papers, Defendant's motion to dismiss is DENIED.

As Defendant's counsel conceded on the record at the April 28 Conference, the fair report privilege is contextual and depends on whether a reader would understand that a statement refers to the background or findings of a proceeding. *See Williams v. Williams*, 23 N.Y.2d 592, 599 (N.Y. 1969) (explaining the purpose of New York's fair report privilege is to protect

"reports of . . . proceedings"). Plaintiff complains of several paragraphs in the book, including the below:

> On September 14, 2020, in a footnote to President Donald Trump's unconscionable treatment of migrants, a nurse named Dawn Wooten, who worked at the Irwin County Detention Center in Ocilla, Georgia, filed a whistleblower complaint. She said that Dr. Mahendra Amin—the center's leading doctor who was not even a gynecologist—allegedly told nearly every woman who went to see him that she had to have a hysterectomy. Wooten referred to him as a "uterus collector."

Compl. ¶ 87. Defendant argues that the paragraph is covered by the fair report privilege because it either summarizes a whistle blower complaint, which precipitated a congressional investigation, or is corroborated by a congressional investigation. *See* Mem. at 9. This argument ignores that the whistleblower complaint did not allege either that Plaintiff was "the center's leading doctor" or "was not even a gynecologist," which are among the statements that Plaintiff alleges were false or defamatory. Indeed, the whistleblower complaint reported that the detention center "sen[t] many women to see a particular *gynecologist* outside the facility," seemingly a reference to Plaintiff. Dkt. No. 31-2 at 19 (emphasis added). Therefore, the statements that Plaintiff was the center's leading doctor and not a gynecologist cannot be reasonably interpreted as mere reporting on the whistleblower complaint. Next, even assuming for purposes of argument that these statements were corroborated by the Senate investigation, there is no reference to that investigation in this paragraph. Accordingly, a reader would not understand these statements to be summarizing or reporting findings of a congressional investigation either. Therefore, at the motion to dismiss stage, at least the statements that Plaintiff was the center's leading doctor and not a gynecologist are not covered by the fair report privilege, and the Court may not dismiss this lawsuit on fair report privilege grounds.[1]

---

[1] In context, these statements would be defamatory given the clear implication that Plaintiff was performing hysterectomies on detained, immigrant women without proper medical training, or that he

Next, Plaintiff has adequately pleaded actual malice. As Defendant's counsel stated on the record, actual malice is assessed at the time of publication. The complaint alleges Defendant published a website retraction on January 15, 2025, clarifying that "[t]he statements about Dr. Amin were not accurate." Compl. ¶ 100. Nevertheless, the complaint alleges that, on January 28, 2025, almost two weeks later, Defendant published the book, "some versions of which included the defamatory statements." *Id.* ¶ 103. Accepting all allegations in the complaint as true, the above sequence of events more than establishes actual malice at the pleading stage given Defendant published statements about Plaintiff *two weeks after* it publicly conceded the statements were inaccurate.

Finally, the Court need not resolve the parties' dispute as to whether New York or Georgia defamation law applies to this lawsuit, given that the motion should be denied under either state's defamation law.

## CONCLUSION

Defendant's motion to dismiss is DENIED. The Clerk of Court is respectfully directed to terminate Dkt. No. 29.

Dated: September 14, 2026
New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge

---

used his position of authority to engage in unconscionable medical treatment for which he was not properly trained.